UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-2561(DSD/KMM)

Sheila Foster,on behalf of herself
and all others similarly situated,

                    Plaintiff,

v.                                                              **ORDER**

State of Minnesota, Lori Swanson,
in her official capacity as Minnesota
General, and Myron Frans, in his
official capacity as Commissioner of
Minnesota Management and Budget,

                    Defendants.


          Patrick W. Michenfelder, Esq. and Throndset Michenfelder Law
          Office, LLC, One Central Avenue West, Suite 203, St. Michael,
          MN 55376, and Daniel C. Hedlund, Esq. and Gustafson Gluek,
          PLLC, 120 South Sixth Street, Suite 2600, Minneapolis, MN
          55402, counsel for plaintiff.

          Oliver J. Larson, Minnesota Attorney General's Office, 445
          Minnesota Street, Suite 1800, St. Paul, MN 55101, counsel for
          defendants.


     This matter is before the court upon the motion to dismiss by

defendants.  Based on a review of the file, record, and proceedings

herein, and for the following reasons, the motion is granted.


## BACKGROUND

     This putative class action arises from plaintiff Sheila

Foster's claim that she is entitled to a share of the proceeds from

the settlement between the State of Minnesota and various tobacco

companies.  In 1994, the state, through its attorney general, and

Blue Cross and Blue Shield of Minnesota, sued Philip Morris and other tobacco companies, alleging violations of Minnesota's consumer protection statutes. Compl. ¶¶ 13-14. In 1998, the parties settled. Id. ¶ 15. The settlement agreement, in part, required the tobacco companies to pay the state over $100 million each year in perpetuity. Id. In turn, the state agreed to release "all claims of the State of Minnesota relating to the subject matter of th[e] action which have been or could have been asserted by the State of Minnesota."[1] Id. ¶ 17. There is no indication in the record, nor do the parties contend, that any portion of the settlement proceeds has ever been distributed to individuals. Rather, the settlement payments are deposited into the state's general fund, which is managed by Minnesota Management and Budget. Id. ¶ 16.

In 2011, the National Cancer Institute announced that "light" cigarettes are as unhealthy as regular cigarettes. Id. ¶ 19. Soon thereafter, Gregory Curtis filed a putative class action in Minnesota state court, alleging that Philip Morris defrauded consumers by falsely marketing "light" cigarettes as a safer alternative to regular cigarettes. Id. ¶¶ 20-22. The district court certified the class, but later granted summary judgment to Philip Morris, concluding that the 1998 Settlement Agreement

---

[1] The court will refer to the settlement as the "1998 Settlement Agreement."

released and barred the class claims.  Curtis v. Atria Grp., Inc., 813 N.W.2d 891, 897 (Minn. 2012).  The Minnesota Court of Appeals affirmed the class certification, but reversed the grant of summary judgment.  Id.  The Minnesota Supreme Court then reversed the latter determination, agreeing with the district court that the 1998 Settlement Agreement released and barred the claims.  Id. at 904.  The court dismissed the complaint in its entirety and held that the issue of whether the district court properly certified the class was moot.  Id.

In February 2014, Sheila Foster - named plaintiff in this case - and Kristen Harne filed a class action complaint in Ramsey County against the State, the Minnesota Attorney General, and the Commissioner of Minnesota Management and Budget.  Compl. Ex. B.  In that case, which the court will refer to as Harne to avoid confusion, the plaintiffs alleged that because their claims were released by the State in the 1998 Settlement Agreement, as determined in Curtis, the defendants owe them a portion of the settlement proceeds.  Id. ¶¶ 27-29, 32.  The Harne plaintiffs asserted that the defendants' failure to compensate them constituted a taking of private property without just compensation under the Minnesota Constitution and the Fifth Amendment of the United States Constitution.  Id. ¶¶ 44-61.  The district court dismissed the case, concluding that the claims were time barred and that, in any event, no taking had occurred.  Compl. Ex. C.  The

3

Minnesota Court of Appeals affirmed on the basis of the statute of limitations and the Minnesota Supreme Court denied review.  Id. Exs. D, E.

On July 28, 2016, Foster filed the instant case on behalf of herself and other similarly situated against the same defendants named in Harne.[2]  Foster's allegations are nearly identical to those she raised in Harne, but here she only brings a claim under the Fifth Amendment.  Defendants now move to dismiss.

## DISCUSSION

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual

---

[2]  Only the name of the Commissioner of Minnesota Management and Budget has changed.  During Harne, James Schowalter was the Commissioner, but he has since been replaced by Myron Frans.  This change has no substantive effect on the matter before the court.

allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  Fed. R. Civ. P. 12(d).  The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings."  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).

## II.  Res Judicata

Defendants argue that Foster's previous state court lawsuit bars her from pursuing her claim in federal court.  The court agrees.  Res judicata "precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action."  Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).  The preclusive effect of a prior state court judgment is determined by state law.  Egge v. Healthspan Servs. Co., 115 F. Supp. 2d 1126, 1129 (D. Minn. 2000).  "Under Minnesota law, the disposition of an earlier claim constitutes a res judicata bar against the litigation of a subsequent claim where (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3)

5

there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." Laase v. Cty. of Isanti, 638 F.3d 853, 856 (8th Cir. 2011) (internal quotation and citation omitted).

All of the elements of res judicata are present here. Harne involved identical issues and parties. Foster also acknowledges that the state court's determination that her claim was time barred constitutes a final judgment on the merits. Nor is there any credible argument that Foster did not have a full and fair opportunity to litigate the state case. She now contends that Harne only involved her state-law inverse condemnation claim and that her present claim under the Fifth Amendment did not become ripe until Harne concluded. But she raised a Fifth Amendment claim in Harne, and the state court dismissed that claim as untimely along with her other claims. See Compl. Ex. B ¶¶ 6, 53-61; id. Ex. C; id. Ex. D. As a result, res judicata bars Foster's claim.

## III. Statute of Limitations

Even if not barred by res judicata, Foster's claim is untimely. Foster brings her Fifth Amendment claim under 28 U.S.C. § 1983. Because § 1983 does not include a limitations period, the court must apply "the most appropriate or analogous state statute of limitations." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 617 (8th Cir. 1995) (quoting Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987)). There appears to be no dispute that Minnesota's six-

year general statute of limitations, which applies to state takings claims, is the most analogous limitations period.  See Minn. Stat. § 541.05, subdiv. 1(4) ("[T]he following actions shall be commenced within six years ... [actions] for taking, detaining, or injuring personal property, including actions for the specific recovery thereof...."); see also Beer v. Minn. Power & Light Co., 400 N.W.2d 732, 736 (Minn. 1987) (applying § 541.05 to takings claim).  Foster urges the court to hold that the limitations period did not commence until the Minnesota Supreme Court denied review in Harne.

Foster argues that her federal takings claim was not ripe, and therefore did not begin to run, until she was denied relief by the state courts.  The court disagrees.  Even assuming Foster could not have brought her Fifth Amendment claim in federal court until her state court case concluded unsuccessfully, the limitations period still expired in 2004, six years after the settlement and twelve years before she brought this suit.

In Harne, the Minnesota Court of Appeals held that the six-year limitations period began to run in 1998, when the state settled with the tobacco companies and "extinguished [Foster's] right to bring a private cause of action under Minnesota's consumer-protection statutes."  Compl. Ex. D at 4.  The court rejected the argument that the claimants were unaware - and could not have been aware - of their takings claim until the Minnesota Supreme Court's 2012 decision in Curtis.  The court will not

revisit that determination and is, in fact, collaterally estopped from doing so.

Under the doctrine of collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Servs., Inc., No. 14-292, 2015 WL 5165350, at *3 (D. Minn. Sept. 3, 2015).  The elements of collateral estoppel are satisfied here.  This case involves the same parties and issues as Harne, which proceeded to final judgment on the very issue before the court.  Although the Harne court did not undertake a separate analysis with respect to the timeliness of the state and federal claims, its failure to do so does not undermine the preclusive effect of its determination because, as noted, the limitations period is the same for the state and federal claims.  As defendants aptly state, Foster "cannot resurrect a stale federal-law claim by filing a stale state-law claim."[3] Defs.' Reply Mem. at 5; see also Saathoff v. Whelan, 81 F.3d 169, 1996 WL 131710, at *2 (9th Cir. Mar. 21, 1996) (refusing to create

---

[3]  It may well be that if Foster had brought a timely state-law claim, her federal takings claim would have been tolled pending the outcome of the state case.  Here, however, Foster's state-law claim was untimely.  She cites to no authority to support her theory that her federal claim can be resurrected under these circumstances.

a rule that would allow a plaintiff to wait to bring an inverse condemnation proceeding in state court, lose on statute of limitations grounds, and restart the limitations period for federal constitutional claims).

Foster also argues that the limitations period has not yet expired because there are future payments due under the 1998 Settlement Agreement, which renders her injury continuing in nature. This argument was also rejected in Harne by the Minnesota Court of Appeals, which concluded that "the particular method of payment of the settlement is not the purported taking; the purported taking is the settlement itself, which extinguished appellants' claims." Id. at 5. Again, the court is estopped from revisiting the issue. As a result, dismissal of Foster's claim is warranted as untimely.[4]

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 8] is granted; and

2.   The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 21, 2016                s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[4]   The court declines to consider the remaining issues raised by defendants given the disposition of the case.